UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MURPHY,

    Plaintiff,                                    CIVIL ACTION NO. 07-10382

v.                                          DISTRICT JUDGE BERNARD A. FRIEDMAN
                                            MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and Defendant's Motion to Remand this Social Security Disability case to the Commissioner for further administrative proceedings should be GRANTED, pursuant to sentence four of 42 U.S.C. § 405(g).

\*     \*     \*

    Plaintiff commenced the instant action on January 24, 2007, seeking judicial review of the denial of his disability claim by the Social Security Administration (SSA). In a Motion for Summary Judgment dated June 4, 2007, Plaintiff argued that the Administrative Law Judge (ALJ) had failed to evaluate the medical opinions of his treating orthopedic surgeon and cardiologist. While Plaintiff maintained that he was entitled to an award of benefits, he was willing to remand the case to the SSA for further administrative proceedings to consider the neglected evidence.

    On July 30, 2007, the Defendant filed a Motion to Remand acknowledging that the ALJ had failed to evaluate the medical opinions of the two treating physicians. Defendant

sought to remand the case, pursuant to sentence four of section 405(g) of the Social Security Act,[1] for additional fact finding.  The purpose of the requested remand is to allow the Administrative Law Judge to re-evaluate the claimant's residual functional capacity and provide evidence from the record in support of his finding.

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits.  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original).  If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g) for additional fact finding.

Since the ALJ did not evaluate the opinions of the treating cardiologist and orthopedic surgeon, all factual issues have not been resolved.  Moreover, the record does not contain overwhelming proof, or strong proof and no evidence to the contrary, that Plaintiff has a residual functional capacity for sedentary work only, as he alleges[2].  I am persuaded that a redetermination of Plaintiff's residual functional capacity based on a

---

[1]Sentence four of 42 U.S.C. 405(g) states:
> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

[2]Following a heart attack in December 1996, Dr. Amlani, a treating physician, noted that the Plaintiff was quite active and tolerating activity quite well eight months later (TR 173).  Dr. Byron Schoolfield, an examining physician, reported in August 2003, that the claimant was feeling "quite well", and was able to walk 150 yards before his legs became fatigued (TR 222).

proper evaluation of all relevant evidence, including the treating source opinions, is required. Accordingly, I recommend that the instant action be remanded to the Commissioner, pursuant to sentence four of section 405(g) of the Social Security Act, for further administrative action in order to ascertain whether Plaintiff was entitled to Social Security disability benefits.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: August 6, 2007

## CERTIFICATE OF SERVICE

      I hereby certify on August 6, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 6, 2007. **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217